**Leroy SPANN, Appellant**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE and Pennsylvania State Police, Appellees**

**No. 71 MAP 2016**

Supreme Court of Pennsylvania.

DECIDED: August 16, 2017

## ORDER

PER CURIAM

**AND NOW,** this 16th day of August, 2017, the Commonwealth Court's ruling dated June 9, 2016 is affirmed in part and reversed in part:

  (1)  that portion of the ruling granting the Suggestion of Mootness filed by the Pennsylvania Board of Probation and Parole is hereby AFFIRMED; and

  (2)  that portion of the ruling granting the Preliminary Objections filed by the Pennsylvania State Police and denying the Motion for Summary Judgment filed by Appellant Leroy Spann is hereby REVERSED. *See*

*Commonwealth v. Muniz,* —— Pa. ——, 164 A.3d 1189 (2017).

The case is hereby remanded to the Commonwealth Court for the entry of an appropriate order granting mandamus relief.

Chief Justice Saylor and Justice Mundy file concurring statements.

**CHIEF JUSTICE SAYLOR,** Concurring

Although I dissented in the controlling case, *Commonwealth v. Muniz,* —— Pa. ——, ——, 164 A.3d 1189 (2017) (Opinion Announcing the Judgment of the Court), I recognize that there was a majority consensus in that decision to the effect that SORNA exacts punishment and retroactive application of the enactment violates constitutional norms. Accordingly, while I have expressed my disagreement with these propositions, *see id.* at ——, 164 A.3d at 1232–39 (Saylor, C.J., dissenting), I join the present *per curiam* order based on the prevailing precedent.

**JUSTICE MUNDY,** Concurring

I agree that in light of this Court's recent decision in *Commonwealth v. Muniz,* —— Pa. ——, 164 A.3d 1189 (2017), the Commonwealth Court erred in rejecting Appellant's argument that SORNA is an *ex post facto* law.[1] However, if I were writing on a blank slate, I would conclude that SORNA does not violate the *Ex Post Facto* Clauses of the Federal and Pennsylvania Constitutions.

I have previously expressed my views in this area in *Commonwealth v. Perez,* 97 A.3d 747 (Pa. Super. 2014). Therein, the Superior Court balanced the factors articulated under *Kennedy v. Mendoza–Mar-*

---

1.  I did not participate in *Muniz,* which was argued with *Commonwealth v. Gilbert,* 48

MAP 2016, a case in which I participated on the Superior Court.

*tinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The panel concluded that SORNA's requirement that an offender appear physically in person to regularly update his or her information was "an affirmative restraint," weighing in favor of concluding SORNA was punitive, and therefore an *ex post facto* law. *Perez*, 97 A.3d at 754. However, the court also concluded that the other six factors did not weigh in favor of concluding SORNA was punitive. *See id.* 754–58. Balancing these factors, *Perez* concluded that SORNA was not punitive, and therefore not an *ex post facto* law under the Federal Constitution.[2] *Id.* at 758–59.

I continue to believe that *Perez* was correctly decided and struck the proper balance under controlling cases from the Supreme Court of the United States. I therefore disagree with *Muniz*'s conclusion that SORNA violates the *Ex Post Facto* Clause of the Federal Constitution. Even assuming that *Muniz*'s federal constitutional analysis was correct, its analysis should have properly ended there, since any claim under the Pennsylvania Constitution is moot. *See generally Pap's A.M. v. City of Erie*, 553 Pa. 348, 719 A.2d 273, 281 n.12 (1998) (concluding that since a local ordinance violated the First Amendment of the Federal Constitution, there was no need to consider whether the ordinance also violated the Pennsylvania Constitution), *rev'd*, 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). Since the Court decided to reach that argument, I agree with Justice Wecht that the *Ex Post Facto* Clause of the Pennsylvania Constitution does not provide higher protections than its federal counterpart. *See Muniz*, 164 A.3d at 1218–31 (Wecht, J., concurring).

Although I disagree with *Muniz*'s conclusions, they are now the law of this Commonwealth. As such, they must be applied in a meaningful way. No sensible reading of *Muniz* would permit the Commonwealth Court's contrary judgment to stand. I therefore join the Court's order in this case, because it correctly applies *Muniz* and reverses the Commonwealth Court's order in this regard.

---

**2.** The panel did not address Perez's claim under the Pennsylvania Constitution, due to his failure to conduct an analysis pursuant to *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991) in his brief. *See Perez*, 97 A.3d at 759–60.